IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv29

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $6,357.00 in United States Currency, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Strike Claim and for Judgment on the Pleadings [# 12] filed by the Government. This is an action *in rem* for the forfeiture of $6357.00 in U.S. currency that was seized during a traffic stop of a vehicle driven by Robert Sellarole. The Government contends that the seized funds are proceeds traceable to transactions and exchanges for controlled substances. The Government now moves to strike the claim of Claimant Robert Sellarole. The Court **DENIES without prejudice** the Government's motion [# 12].

    I.    **Background**

The Government filed the verified Complaint for Forfeiture on February 11, 2011. Subsequently, a warrant was issued for the arrest of the property at issue. Pursuant to Rule G(4)(b) of the Supplement Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), the Government provided notice of the action and a copy of the Complaint to Sellarole. The Notice stated that Sellarole must file a verified claim within thirty-five days of receipt of the notice and must file an answer with the Court or a Rule 12 motion within twenty-one days after the verified claim. In addition, the Government posted a Notice of Civil Forfeiture on the official government internet site for at least thirty consecutive days, as required by Rule G(4)(a) of the Supplemental Rules.

Sellarole then filed a claim with the Court, requested court-appointed counsel, and moved for an extension of time to file an answer until he received court-appointed legal counsel. The Court, however, denied without prejudice the Motion to Appoint Counsel. (Order, May 17, 2011.) Sellarole then moved for reconsideration of the Court's Order, which the Court also denied. (Order, Jun. 21, 2011.) Sellarole did not obtain counsel and continued to proceed *pro se*. The Government then moved to Strike the Claim and for Judgment on the Pleadings.[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court provided notice to Sellarole of the Government's motion and directed him to file a

---

[1] Although the Government moved for Judgment on the Pleadings, it failed to set forth any argument in its brief as to why judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is proper in this case. Going forward, the Court will strike any motions that fail to set forth the legal and factual basis for the relief requested by the Government.

response. In his Response in Opposition to the Motion to Strike, Sellarole acknowledges his failure to file an answer but state's that because of his *pro se* status he did not understand what was required of him to answer the Complaint. Sellarole, however, reiterates his claim to the seized currency. The Government's motion is now properly before the Court.

II. Analysis

A claimant must serve and file an answer to the complaint or a Rule 12 motion within twenty days of filing a claim. Fed. Civ. P. Supp. R. G(5)(b). The Supplemental Rules further provide that a claim may be stricken for failing to comply with this Rule. Fed. Civ. P. Supp. R. G(8)(c)(i)(A). Although courts strictly adhere to these requirements and will strike a claim if a claimant fails to file a timely answer, see e.g., United States v. 40 Acres of Real Prop., 629 F. Supp. 2d 1264, 1273-74 (S.D. Ala. 2009); United States v. $27,601.00 in United States Currency, No. 09-cv6281L, 2011 WL 3296170, at *1-2 (W.D.N.Y. Aug. 1, 2011), in certain circumstances, especially in cases where the claimant is proceeding *pro se*, a court may excuse minor procedural failings provided the underlying goals of the Supplemental Rules are not frustrated, United States v. $22,226.25 in Interbank FX Account No. XXX0172, 763 F. Supp. 2d 944, 947-48 (E.D. Tenn. 2011); United States v. All Assets Held at Bank Julius Bear & Co., Ltd., 664 F. Supp. 2d 97, 101-02 (D.D.C. 2009).

In the interests of justice, the Court will allow Sellarole one last opportunity to file an answer to the Complaint. Sellarole has filed several pleadings with the Court and requested an extension of time for filing an answer; he has not sat idly by while these proceedings progressed. Moreover, this case has not been pending for an extended period of time and no other individuals have asserted a claim to the funds. Finally, the Government will not suffer any prejudice from allowing Sellarole leave to file an answer. Accordingly, the Court **DENIES without prejudice** the Government's motion [# 12]. Sellarole shall have until October 19, 2011, to file an answer to the Complaint.

The Court **INSTRUCTS** Sellarole to refer to Rule 8(b) of the Federal Rules of Civil Procedure for guidance in drafting an answer to the Complaint. Specifically, Sellarole's Answer should contain separately numbered paragraphs that correspond to the paragraphs in the Complaint. Pursuant to Rule 8(b), Sellarole shall admit or deny the allegations contained in each numbered paragraph. Sellarole shall sign the answer and file a copy with the Court. A copy of the answer should also be sent to counsel for the Government, and Claimant must certify that he has made such service in a "certificate of service" indicating the manner in which such service was made. The Court **INSTRUCTS** Sellarole that the failure to file the answer by October 19, 2011, will result in the Court striking his claim pursuant to Fed. Civ. P. Supp. R. G(8)(c)(i)(A). The Court will

not grant Sellarole an extension of time for filing the answer.

**III.  Conclusion**

The Court **DENIES without prejudice** the Government's motion [# 12]. Consistent with this Order, Sellarole shall have until October 19, 2011, to file an answer to the Complaint.  The failure to file an answer with the Court by October 19, 2011, will result in the Court striking Sellarole's claim.

Signed: October 6, 2011

Dennis L. Howell
United States Magistrate Judge