# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv29

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DEFAULT JUDGMENT |
| ) | OF FORFEITURE |
| $6,357.00 in UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Default Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 20].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil *in rem* forfeiture on February 11, 2011. [Doc. 1]. In the Complaint, it is alleged that on August 22, 2010, deputy sheriffs from the Transylvania County Sheriff's Department were conducting a random license check on Cathey's Creek Road near its intersection with U.S. Highway 64 in Transylvania County. [Doc. 1, at 2]. A 2001 Subaru

1

Outback driven and owned by Robert Sellarole was stopped at the checkpoint. [Id.]. Sellarole is a resident of Florida and his passenger, Jason Hargis,[1] is a resident of Asheville, North Carolina. [Id.]. When Sellarole rolled down the driver's side window, Deputy Sheriff Samuel Owen smelled marijuana and performed a protective frisk of Sellarole during which he located a pipe. [Id. at 3]. When asked to do so, Sellarole removed the pipe and a small bag of marijuana from his pants. [Id.]. Sellarole was placed under arrest. [Id.]. Thereafter, Deputy Sheriff Brad Woodson, a trained and certified canine handler, allowed his canine to enter the Subaru and the dog alerted to the front seat and center console. [Id.]. Officers found a bag of marijuana in the center console. [Id.]. Both Sellarole and Hargis denied ownership of the marijuana. [Id.]. In the back seat of the car was a yellow duffle bag in plain view. [Id.]. The deputies found $6,357.00 in United States currency inside that bag. [Id.].

The deputies removed the duffle bag and money to the Sheriff's Department where the money was placed inside a locker. [Id. at 4]. Thereafter, a different drug dog handled by a different handler, Deputy Bryan Sizemore, entered the room and the dog alerted to the locker containing the

---

[1]The Complaint contains a misspelling of the name as "Hartis." [Doc. 20-1].

currency. [Id.]. The test was repeated a second time after the currency had been placed in a different locker outside the presence of the handler and the dog. [Id.]. The dog alerted again at the location of the currency. [Id.].

The Government filed the pending Complaint seeking forfeiture of the currency as the proceeds of controlled substances violations and/or as having been used or intended to be used in such violations. [Doc. 1 at 5]. A warrant for the arrest of the currency issued on February 16, 2011 and the currency was taken into custody on February 23, 2011. [Doc. 3; Doc. 4].

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided "notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" On February 17, 2011, the United States sent personal notice of this forfeiture action and a copy of the Complaint to Sellarole at his residence by certified mail, return receipt requested. [Doc. 12-1]. Sellarole signed for the mail on February 22, 2011. [Doc. 12-1 at 1].

On May 10, 2011, Sellarole filed an untimely Claim. [Doc. 6]. On August 4, 2011, the Government moved to strike the untimely Claim and for Judgment on the Pleadings because Sellarole had never filed an Answer in

3

the action. [Doc. 12]. On August 12, 2011, the Court issued Notice to Sellarole that he should file response to the Government's motion to strike. [Doc. 14]. Sellarole did so on August 30, 2011. [Doc. 15]. On October 6, 2011, the Court denied the Government's Motion to Strike without prejudice to renewal and provided Sellarole with an additional period of time within which to file Answer to the Complaint. [Doc. 17]. Sellarole once again failed to answer and on October 27, 2011, the Court struck his Claim from the record. [Doc. 18].

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on February 17, 2011, the Government also sent personal notice of this forfeiture action and a copy of the Complaint to Jason Hargis at his residence by certified mail, return receipt requested. [Doc. 20-1]. Hargis signed for the mail on February 24, 2011. [Doc. 20-1at 1]. Hargis has not filed either a Claim or an Answer in this matter.

In addition to the personal notices, the Government also posted notice of the action for thirty consecutive days on the official government internet forfeiture site. [Doc. 5]; Rule G(4)(a)(iv)(C), <u>Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions</u>.

4

Although not entirely clear, it appears that prior to the initiation of this action, the Drug Enforcement Agency (DEA) had begun an administrative forfeiture proceeding in which either Sellarole or Hargis made an appearance. [Doc. 20-1 at 1]. Once a DEA forfeiture proceeding is contested, it must be referred to the United States Attorney's office for judicial forfeiture proceedings. 19 U.S.C. §1608; 21 C.F.R. §1316.78. The DEA thus appears to have turned the matter over to the United States Attorney for the Western District of North Carolina for the initiation of this judicial forfeiture proceeding.

## DISCUSSION

Although either Sellarole and/or Hargis may have filed a claim in the DEA administrative forfeiture proceeding, neither has a pending Claim or Answer in this civil forfeiture action. Rule G(5)(a) & (b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The "'filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6) [and/or Rule G].'" United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars in United States Currency, 183 F. App'x. 237, 241 (3rd Cir. 2006) (quoting David B. Smith, Prosecution and Defense of Forfeiture Cases, §9.04[1]); United States v. $23,000, 356 F.3d 157, 166 (1st Cir. 2004); United States v. $2,857.00, 754 F.2d 208, 214

5

(7th Cir. 1984) ("A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief."). As a result, both Sellarole and Hargis are in default.

Moreover, at the time of the investigation, both Sellarole and Hargis denied any ownership interest in the marijuana. Although Sellarole later claimed the currency was the result of work and an inheritance, his Claim has been stricken because he failed to file an Answer. David B. Smith, Prosecution and Defense of Forfeiture Cases, §9.04[2][a] (2006) (claimant must show an ownership or possessory interest in property); Mantilla v. United States, 302 F.3d 182, 185 (3rd Cir. 2002), cert. denied 538 U.S. 969, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003) (claimant must show colorable ownership or possessory interest in funds); United States v. Stokes, 191 F. App'x. 441 (7th Cir. 2006) (defendant had no standing because he abandoned any ownership); United States v. Real Property Described in Deeds, 962 F.Supp. 734, 737 (W.D.N.C. 1997).

Based upon the default, the factual allegations in the Complaint are deemed admitted and thus the record establishes that the currency at issue was the proceeds of controlled substances violations and was used or intended to be used in the same. [Doc. 1 at 5]. Jermar, Inc. v. L.M.

Communications, 1999 U.S. App. LEXIS 12082 at *10 (4th Cir. 1999); 21 U.S.C. §881(a)(6). The Court also finds that the Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Entry of Default Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 20] is hereby **GRANTED** and Default Judgment against the Defendant $6,357.00 in United States Currency is hereby **ENTERED** in favor of the United States of America.

Signed: December 15, 2011

Martin Reidinger
United States District Judge